UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MIKAL XYLON WILDE,<br><br>  Defendant.<br>_____/ | No. CR-12-0144 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL; AND REFERRING ALL DISCOVERY MATTERS TO MAGISTRATE JUDGE COUSINS**<br><br>**(Docket No. 22)** |

The above referenced motion came on for hearing on August 6, 2012. For the reasons stated in the record and as supplemented herein, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to compel.

The parties do not dispute and the case law is clear that the United States Attorneys' Manual ("USAM") does not itself create legal rights in criminal defendants. *United States. v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000). It is also not disputed that the Government is required to comply with disclosures required by Fed. R. Crim. P. 16(a) and Criminal Local Rule 16-1. The Government in this case does not object to doing so on a current basis so that the disclosures are received prior to the Defendant's meeting with the Government under USAM Chapter 9-10.080. It is also clear that the attorney work product and deliberative process privileges limit disclosures. *Fernandez*, 231 F.3d at 1248. Other exceptions may apply as well. *See United States v. Delatorre*, 438 F. Supp. 2d 892, 901-02 (N.D. Ill. 2006).

Although the discovery requested in the motion is extremely broad and comprehensive, exceeding that which would be covered by Rule 16 and *Brady*, at the hearing herein, defense counsel indicated that Defendant's primary concern at this juncture centered on three categories of documents: (1) pure *Brady* material; (2) *Brady/Giglio/Henthorn* material, and (3) *Brady* material falling under the Jencks Act.

The Court concludes that Jencks Act material need not be disclosed at this early juncture well in advance of trial. *See United States v. Perez*, 222 F. Supp. 2d 164, 172 (D. Conn 2002).

The Government stated it is not opposed to producing traditional *Brady* materials in its possession and will continue to do so on a rolling basis as its investigation proceeds. The Government shall produce such *Brady* material no later than 21 days after its receipt by the Government. The Court expects the Government will proceed with due diligence in ascertaining *Brady* material. The Government confirmed *Brady* materials includes favorable evidence not only on the question of guilt, but punishment as well. This would include evidence supporting the mitigating factors and negating the aggravating factors in 18 U.S.C. § 3592. *See Delatorre*, 438 F. Supp. 2d at 901.

The area most vigorously contested by the parties concerns *Brady/Giglio/Henthorn* materials. As noted at the hearing, this Court agrees with those courts which have found that the district court may, in the exercise of its inherent power to manage its docket and provide for the orderly and timely disposition of cases, order that such discovery be accelerated, particularly in the circumstances of the instant case which is considered a capital case given the possibility of a death sentence. *Perez*, 222 F. Supp. 2d at 170, 171-72. *See Delatorre*, 438 F. Supp. 2d at 900 and cases cited therein; *United States v. Diaz*, 2005 WL 157191 (N.D. Cal. 2005). The exercise of that supervision is less problematic than other capital cases inasmuch as this case does not appear to involve multiple defendants, a lengthy pre-arrest investigation, confidential informants, extensive electronic surveillance, etc. The information described above should be timely disclosed in connection with the death authorization process. Disclosure of such materials, however, may be exempt upon a showing by the Government of *e.g.* danger to witnesses or impediment to further on-going investigation. *See Delatorre*, 438 F. Supp. 2d at 901-02. The Government has raised specific

concerns about potential witness danger even of those potential witnesses whose identities may be known to Defendant.

To accommodate both the Defendant's and the Government's competing interests in this regard, the Court orders that Defendant provide to the Government a list of potential witnesses for whom he requests *Giglio/Henthorn* information (including a description of their possible role in the case). The Government will then submit under seal for *ex parte in camera* review (and possible *ex parte in camera* hearing) a document stating if it objects to producing *Giglio/Henthorn* information on any of the listed witnesses, and if so, the justification therefor backed by evidence. The parties acknowledge that *Henthorn* information on agents is not likely problematic. There also is probably no good reason to withhold *Giglio* information on the two victim/witnesses, the decedent, and Defendant's girlfriend. The Government shall file its response and documentation to the Court within 14 days of receipt of the list from Defendant.

To the extent the Defendant's motion to compel exceeds that discovery permitted herein, it is denied without prejudice.

The Court refers all discovery disputes, including the resolution of matters herein, to Magistrate Judge Cousins. Thus, the Government shall file its response as ordered above with Judge Cousins.

This order disposes of Docket No. 22.

IT IS SO ORDERED.

Dated: August 8, 2012

_____
EDWARD M. CHEN
United States District Judge